UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 02-80565-CIV-(MIDDLEBROOKS/JOHNSON)

JB Kartsport, L.C.,

    Plaintiff,

vs.

Joost Boxoen Kartsport
BVBA n/k/a JB Kart Sport
NV, a Belgium corporation,

_____/

FILED by _____ D.C.
JUL 10 2002
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## AGREED ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

THIS CAUSE, having come before this Court upon the Emergency Motion for Entry of a Preliminary Injunction and Memorandum of Law filed in support thereof, and the Court having reviewed the record and otherwise being duly informed it is hereby found and ordered as follows:

### I. FINDINGS OF FACT

1. During 1998, JB Florida began, with JB Belgium's consent, to act as JB Belgium's exclusive distributor pursuant to an oral agreement. Subsequently, on or about August 11, 1999, JB Florida and JB Belgium entered into a written exclusive distribution agreement (the "Agreement"). A copy of the Agreement is attached as Exhibit 1 to the Verified Complaint and Mr. Bekkers Affidavit.

2. Pursuant to the Agreement, JB Florida has the exclusive right to distribute JB Belgium's products in the United States for a specified period of ten

Case Number: 02-80565-CIV-MIDDLEBROOKS
Magistrate Judge Johnson

(10) years (through August 10, 2009). See paragraph 2 of Exhibit 1. Verified Am. Compl., ¶ 7; Bekkers Aff., ¶ 7.

3. The Agreement also provides, *inter alia*, that JB Belgium shall not: (a) grant any other person or entity the right to sell within the United States; (b) establish any company-owned facilities for distribution in the United States; and (c) actively solicit accounts in the United States without JB Florida's written consent.

4. On or about June 13, 2002, JB Belgium sent a formal "notification that JB Kart Sport NV ("JBK NV") is terminating the distribution arrangement currently in effect between JBK NV and J.B. Kartsport, L.C. ("Kartsport"), effective immediately. Upon your receipt of this letter, Kartsport shall no longer be permitted to sell or distribute any products, spare parts or accessories manufactured by JBK NV or sold by JBK NV to Kartsport." A copy of the notice is attached as Exhibit 2 to the Verified Complaint and the Bekkers Affidavit. Verified Am. Compl., ¶ 11; Bekkers Aff., ¶ 11. JB Belgium then contacted customers directly via telephone and in writing. JB Belgium has notified customers (orally and in writing) that JB Florida was no longer JB Belgium's distributor and directed customers to begin making any future purchases through JB Belgium or another distributor at its direction. A copy of the JB Belgium notices and press release to JB Florida's customers, sent via e-mail and fax, are attached as Composite Exhibit 3 to the Verified Complaint and the Bekkers Affidavit.

2

Case Number: 02-80565-CIV-MIDDLEBROOKS
Magistrate Judge Johnson

5.  JB Florida also has outstanding orders for manufacture of karts for certain of its customers. Specifically, the following three outstanding orders are complete and ready for shipment from JB Belgium to JB Florida, and JB Florida still owes to JB Belgium the following amounts:

   a.  Sales Order No. VD02-0967 for G-Force Karts, LLC of Richmond, Virginia (25,089.8700 EURO owed to JB Belgium);

   b.  Sales Order No. VD02-1145 for Kart King of Enumclaw, Washington (19,023.53 EURO owed to JB Belgium) ; and

   c.  Sales Order No. VD02-0949 for Go Kart Indoor of Maple Grove, Minnesota (22,992.81 EURO owed to JB Belgium) (these three orders are collectively, the "Additional Orders");

## II.  CONCLUSIONS OF LAW

6.  This Court finds that JB Florida has demonstrated that it is entitled to the preliminary relief set forth below.

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED:**

7.  Plaintiff's Emergency Motion is Granted.

8.  The status quo, as set forth in the Agreement, shall be honored during the pendency of this litigation, including, but not limited to the fact that JB Belgium is enjoined from:

   a)  appointing any other person or entity the right to sell within the United States;

3

Case Number: 02-80565-CIV-MIDDLEBROOKS
Magistrate Judge Johnson

    b)     establishing any company-owned facilities for distribution of JB Belgium's products; and

    c)     soliciting accounts within the Territory without JB Florida's permission or otherwise contacting JB Florida's customers.

9.     JB Belgium shall, on or before noon (e.s.t.) on Wednesday, July 10, 2002, provide to JB Florida for distribution to its customers a signed letter on JB Belgium's letterhead that states: "JB Kartsport, L.C. is, until further notice, the exclusive distributor of JB Kartsport, N.V.'s products in the United States. Please submit all inquiries and orders to Mr. Peter Bekkers of JB Kartsport."

10.     JB Belgium shall, on or before 5:00 pm (e.s.t.) on Thursday, July 11, 2002, provide all information regarding any United States orders, inquiries, and sales made to or by JB Belgium or its agent for JB Belgium karts and parts. Such orders, inquiries, and sales will be handled by JB Florida pursuant to the Agreement. During the pendency of this case, any and all orders, inquiries, and sales (oral or written) shall be directed to JB Florida for handling and response.

11.     On or before noon (e.s.t.) on Thursday, July 11, 2002, JB Belgium shall re-issue its price list as it existed on June 12, 2002 and shall post this information on its Website.

12.     On or before noon (e.s.t.) on Thursday, July 11, 2002, JB Belgium shall correct its Website to reflect the notice in paragraph 11 above and the re-issued price list as set forth in paragraph 13.

Case Number: 02-80565-CIV-MIDDLEBROOKS
Magistrate Judge Johnson

13.   The Additional Orders shall be ready for pick-up in Belgium by Fritz on or before noon (Belgium time) on Friday, July 12, 2002. JB Belgium shall pre-pay Fritz for fifty percent (50%) of shipment costs by ocean on or before this time. With respect to the outstanding amounts due and owing on the Additional Orders as set forth above, the monies shall be sent by wire transfer by JB Florida to the escrow agent on or before 5:00 e.s.t. Thursday, July 11, 2002 to be held in escrow by counsel for JB Belgium (in US Dollars). Upon delivery of the respective Additional Orders to JB Florida's customers at their designated address, JB Florida's customer shall have forty-eight hours (48) hours to inspect the Additional Orders.

14.   If no written objection is made to the condition of the Additional Order(s) product or delivery, JB Florida shall instruct the escrow agent in writing to release payment to JB Belgium from escrow and proof of same provided to JB Florida. If written objection is made to any portion of a shipment(s), the pro rata portion of the escrow representing the unobjectionable portion of the shipment shall be directed for release. If written objection is made but such objection is not directly related to JB Belgium's performance, that payment shall be directed for release. If a written objection is made to all or any portion of the shipment, payment for that portion shall not be made by the escrow agent and the parties will seek relief before this Court.

Case Number: 02-80565-CIV-MIDDLEBROOKS
Magistrate Judge Johnson

15. This Court acknowledges that the parties reserve all other rights and remedies available at law or in equity.

**DONE AND ORDERED** in chambers at West Palm Beach, Florida on this 10 day of July, 2002.

Linneas R. Johnson
United States Magistrate Judge

FTL1 #595889 v2