UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80565-CIV-HURLEY/LYNCH

JB KARTSPORT, L.C., a
Florida corporation,

    Plaintiff,

v.

JOOST BOXOEN KARTSPORT BVBA
n/k/a Kart Sport NV, a Belgium corporation,

    Defendant,

v.

FKP-U.S., INC., and PETER BEKKERS,

    Third-party defendants.

_____/

FILED by ___ D.C.
NOV 1 4 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER GRANTING DEFENDANT'S MOTION FOR TEMPORARY INJUNCTION, AND REFERRING DEFENDANT'S EMERGENCY MOTION TO DISSOLVE PLAINTIFF'S INJUNCTION

    **THIS CAUSE** comes before the court upon Defendant Joost Boxoen Kartsport BVBA n/k/a JB Kart Sport NV ("JB Belgium")'s emergency motion to dissolve plaintiff JB Kartsport, L.C. ("JB Florida")'s injunction.

    On July 10, 2002, the court entered an agreed order granting JB Florida's motion for preliminary injunction. In that order, the court effectively ordered the parties to maintain the status quo and continue their respective obligations under the August 11, 1999 exclusive distribution agreement. The order extensively dealt with JB Belgium's obligations under the contract, but did not discuss JB Florida's obligations with great specificity.

    JB Florida is instructed that the order imposed obligations by both sides to comply with the



Order Granting Defendant's Motion for Temporary Injunction
JB Kartsport, L.C. v. Joost Boxoen Kartsport BVBA n/k/a JB Kart Sport NV et al.
Case No. 02-80565-CIV-HURLEY/LYNCH

distribution agreement. It should be noted that JB Florida originally brought this lawsuit. Any violations since July 10, 2002 are not merely a breach of the underlying contract; they are violations of this court's order. Further, if JB Florida continues to breach the distribution agreement by failing to promote the defendant's products, engaging other suppliers, and refusing to respond to the United States customers or pay for products ordered, it will be deemed in violation of this court's order, and the preliminary injunction will be dissolved, and plaintiff and its agents may be in contempt.

It is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff JB Florida is instructed to comply with the court's July 10 order requiring the parties to maintain the status quo during the course of this litigation by fulfilling their respective obligations under the distribution agreement. These obligations presumably include an obligation by JB Florida to promote defendant's products at the Nov. 20 convention in Orlando, Fla. Any material breach of the contract will result in sanctions for contempt.

2. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, Defendant's emergency motion to dissolve plaintiff's injunction [DE # 42] is **REFERRED** to United States Magistrate Judge Frank J. Lynch, Jr., for a report and recommendation. Judge Lynch may order the parties to attend a hearing on the matter.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___13th___ day of November, 2002.

Daniel T. K. Hurley
United States District Judge

2

Order Granting Defendant's Motion for Temporary Injunction
JB Kartsport, L.C. v. Joost Boxoen Kartsport BVBA n/k/a JB Kart Sport NV et al.
Case No. 02-80565-CIV-HURLEY/LYNCH

*Copies provided to*:

United States Magistrate Judge Frank J. Lynch, Jr.

Allen R. Tomlinson, Esq.
Tamara F. Carmichael, Esq.
Marie LeFere, Esq.
H. Michael Easley, Esq.
S. Paul Smith, Esq.