UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80565-CIV-HURLEY/LYNCH

J.B. KARTSPORT, L.C., a Florida corporation,

    Plaintiff/Counter Defendant,

vs.

JOOST BOXOEN KARTSPORT
BVBA n/k/a JB KART SPORT NV,
A Belgium corporation,

    Defendant/Counter Plaintiff,

vs.

FKP-U.S, INC. and PETER BEKKERS,

    Third-Party Defendants.

_____/



**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISSOLVE INJUNCTION (DE#42), PLAINTIFF'S**
**MOTION FOR TEMPORARY INJUNCTION AND CONTEMPT (DE#50) AND**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DE#68)**

    **THIS CAUSE** having come on to be heard upon the aforementioned

motions and this Court having reviewed the motions, responses, replies,

documents in support thereof and having received arguments of counsel at the

hearing held on January 9, 2003, this Court recommends to the District Court as

follows:

FINDINGS OF FACT

    1.    Plaintiff and Third-Party Defendants (JB Florida) and Defendants

(JB Belgium) entered into an exclusive distribution agreement (the "Agreement")

on August 11, 1999 in which JB Florida was granted a 10 year exclusive right to

sell JB Belgium's products in the United States. A copy of the Agreement is attached to the complaint as exhibit 1.

2.       On June 13, 2002, JB Belgium attempted to terminate the Agreement by notifying all customers that JB Florida was no longer its distributor and that they should contact JB Belgium directly for future orders.

3.       In response, JB Florida filed an emergency motion for an injunction to stop the unilateral termination of the Agreement.   This Court granted the injunction through an agreed order consented to by both parties signed by Judge Johnson on July 10, 2002.  The order specifically directed that the Agreement be honored during the pendency of this litigation and prohibited JB Belgium from selling, marketing or appointing any other person to sell or market its products in the United States.

4.       JB Florida continues to market JB Belgium's products through JB Florida's appearances at trade shows, brochures, references to JB Belgium's website, displays of JB Belgium's products and by acting in the same manner as it has always done throughout its course of dealing with JB Belgium.

5.       JB Florida argues that JB Belgium has actively solicited customers directly at trade shows and indirectly through mail and telephone.  However, this Court finds these allegations to be based upon hearsay and unsubstantiated at this point.

6.       JB Belgium has argues that this Court's Order does not prohibit it from  selling their products to "international customers" in the United States and that customers can place any orders directly with JB Belgium.  However, this is

2

not what the Agreement says and by reference thereto is not what this Court's agreed order granting JB Florida's emergency motion for preliminary injunction states.

7.    The Agreement and agreed Order do not limit JB Florida to "United States customers." They give JB Florida the exclusive right to sell JB Belgium's products "in the United States." This includes any customer "in the United States" regardless of where they reside or do business. This Court believes the interpretation by JB Belgium is inaccurate and has no basis upon which to justify it's belief that it can solicit "international customers" in the United States.

8.    JB Belgium argues that the preliminary injunction should be dissolved because JB Florida is not using its best efforts to sell JB Belgium's products and that it needs to be able to represent itself at trade shows.

9.    JB Florida responds by stating that it still sells JB Belgium's products, but has been unable to get deliveries. Also, JB Florida argues that JB Belgium is violating this Court's orders by attending trade shows and soliciting customers in violation of the Agreement and Court order.

## CONCLUSIONS OF LAW

10.    The preliminary injunction entered by this Court upon agreement of the parties specifically directed to preserve the status quo until the case-in-chief is decided by requiring JB Belgium to use JB Florida as its exclusive distributor and for JB Florida to promote JB Belgium's products. See Judge Hurley's Order of November 13, 2002.

11.     The purpose of the preliminary injunction is to maintain the status quo or relative position of the parties to preserve the ability of the Court to make a meaningful decision after trial on the merits. The flurry of motions filed by the parties herein attempt to have this Court make preliminary rulings on the ultimate issues of fact underlying the claims and defenses made herein. As such, those requests for preliminary relief are inappropriate. At the hearing, this Court pointed this out to the parties. This injunction is not altering any terms of the Agreement and should not be dissolved. There is no evidence of a change in circumstances sufficient to justify and modification/dissolution of the agreed preliminary injunction.

12.     Trial courts enforce their injunctive orders with their civil contempt power. See Reynolds v. Roberts, 207 F.3d 1288 (11th Cir. 2000). JB Florida asks this Court to use its civil contempt powers to punish JB Belgium for continuing to sell go-karts directly to customers. JB Florida is asking this Court to hold JB Belgium in contempt because of said violation.

13.     While JB Belgium admits attending trade shows since the injunction was entered, it claims to only be soliciting "international customers" which it believed did not violate the Agreement or Court order. JB Florida presents no admissible evidence of who was solicited. Nevertheless, this Court rejects JB Belgium's interpretation allowing it to compete against JB Florida as long as it does nor solicit "United States" customers. This Court has clarified this misinterpretation herein and finds the acts of JB Belgium to not have been made in knowing defiance of this Court's orders.

4

14.    JB Florida has referred to evidence that it continues to make orders. Those orders should be filled and delivered in accordance with the Agreement. Claims of lack of orders, lack of delivery or issues regarding how JB Florida promotes JB Belgium's products are ultimate facts to be resolved at trial, not on preliminary relief.  Also, as stated by this Court at the hearing, such matters are subject to being reduced to damages at trial and should not be the subject of equitable relief at this stage of the proceedings.

15.    The District Court has twice reminded the parties that they are bound by the terms of the preliminary injunction and by extension the terms of the underlying exclusive distributorship agreement.  This Court has previously stated that it should leave the status quo until the case in chief is decided.

ACCORDINGLY, this Court recommends to the District Court as follows:

A) that the Defendant's Motion To Dissolve Injunction (DE #42) be **DENIED**;

B) that the Plaintiff's Motion For Temporary Injunction and Contempt (DE #50) be **DENIED**;

C) that Plaintiff's Motion For Preliminary Injunction be **GRANTED** only insofar as this court has clarified the restrictions on Defendant's attendance at trade shows and soliciting any customers "in the United States"; and

D) all parties shall bear their own costs and expenses in respect to these motions.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Daniel T. K. Hurley, United States District Judge assigned to this matter.

**DONE AND SUBMITTED** this _28th_ day of January, 2003, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Daniel T. K. Hurley

John Rearden, Esq.
Feingold & Kam
3300 PGA Boulevard
Suite 410
Palm Beach Gardens, FL 33410

H. Michael Easley, Esq.
Jones Foster Johnston & Stubbs
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401

S. Paul Smith, Esq.
McKenna Long & Aldridge
303 Peachtree Street
Suite 5300
Atlanta, GA 30308